UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL W. DECKER, | ) | Case No. **17-50297** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| W. STEPHEN SCOTT, TRUSTEE FOR | ) | |
| MICHAEL W. DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | **19-05006** |
| MICHAEL W. DECKER | ) | |
| WINCHESTER ACCOUNTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **STIPULATION**

Counsel for W. Stephen Scott, Trustee for Michael W. Decker (the "Trustee") and the Debtor, Michael W. Decker ("Mr. Decker"), on behalf of and intending to bind their respective clients, stipulate that the following statements and exhibits attached hereto are true and complete:

**1.** Winchester Accounting and Consulting, Inc. ("WAC") is a Virginia stock corporation formed on January 13, 2015, and is validly existing under the laws of the Commonwealth of Virginia, and is taxed as an S-Corporation pursuant to Subchapter S of the Internal Revenue Code, 26 U.S.C. §§ 1361 *et seq.*

**2.** Mr. Decker was the sole shareholder, director, and officer of WAC during the period commencing on January 1, 2017, and at the time of his filing of a voluntary petition under

1

Chapter 7, Title 11, United States Code on March 30, 2017 (the "Petition Date"), commencing Case No. 15-50297 (the "Case").

3. On the Petition Date, Mr. Decker's shares of WAC stock became property of the estate of the Case.

4. The 2016 Federal income tax return for WAC, attached hereto as **Exhibit A**, is a true and complete copy of the 2016 Federal income tax return filed for WAC. The WAC 2016 Federal income tax return was prepared by Mr. Decker.

5. The 2017 Federal income tax return for WAC, attached hereto as **Exhibit B**, is a true and complete copy of the 2017 Federal income tax return filed for WAC. The WAC 2017 Federal income tax return was prepared by Mr. Decker.

6. From January 1, 2017, to August 20, 2017, Mr. Decker prepared tax returns and provided public accounting services for WAC. On or about August 21, 2017, Mr. Decker ceased preparing tax returns and providing public accounting services for WAC. WAC conducted its business in a leased premises located at 207 N. Cameron Street, Winchester, Virginia, in a building known as "The City Meat Building". A true and complete copy of the lease of the office space occupied by WAC during the above-described period is attached hereto as **Exhibit C**.

7. During the period beginning on January 1, 2016, and until August 21, 2017, WAC had two employees, Mr. Decker, who was the sole Certified Public Accountant employed by WAC, and Brittany Young. A true and complete copy of the Payroll Summary of WAC for the period August 2016 through August 2017 is attached hereto as **Exhibit D**.

8. On the payroll summary of WAC (Exhibit D), the "Officer Salary" applies to Mr. Decker, and not Ms. Young.

27571/1/9286552v1

9. A true and complete copy of the printable portion of the WAC website is attached hereto as **Exhibit E.**

10. During the period beginning on January 1, 2017, and ending on or about August 21, 2017, WAC prepared 267 2016 tax returns for its individual clients and 43 2016 tax returns for its corporate or other non-individual clients. Of those tax returns prepared by WAC during this period, 243 of the returns for individuals and 22 of the returns for non-individuals prepared were for clients for which WAC had prepared a tax return for a tax year prior to 2016.

11. From January 1, 2017, to August 21, 2017, WAC provided services other than tax preparation services ("Other Services") for 3 clients. In 2016, WAC provide Other Services to those same three clients.

12. For each and all of the tax preparation services and Other Services provided by WAC during the period beginning on January 1, 2016, and ending on or about August 21, 2017, the engagement agreements or other contracts for services were in the name of WAC, all invoices or statements that WAC provided to its clients were issued in the name of WAC, and all payments made by clients for services provided during the above-described period were deposited in the WAC Bank Account and recorded in the financial records of WAC as its income.

13. A true and complete copy of the Business Credit Application and the Retail Installment Contract in the name of and signed by WAC for the purchase and financing of the purchase of the 2017 Ford truck is attached hereto as **Exhibit F**.

14. A true and complete copy of the insurance Declaration for the insurance for the 2017 Ford truck attached hereto as **Exhibit G**.

15. A true and complete copy of the policy declarations for WAC's additional purchased insurance coverages are attached hereto as **Exhibit H**.

16. A true and complete copy of the Billings Statement by Month and the Invoice List by Date with Gross/Net Bill Amount for WAC is collectively attached hereto as **Exhibit I**.

17. A true and complete copy of the monthly bank statements for the WAC Bank Account for the period January 1, 2017 through and including August 31, 2017, are attached hereto as **Exhibit J**.

18. All of the expenses of WAC from January 1, 2017 to on or about August 21, 2017, including without limitation, wages, benefits, insurance, rent, vehicle expenses, and other operating expenses, were paid by WAC from WAC bank accounts, provided that certain minor expenses of WAC were paid by Mr. Decker, personally, and were not reimbursed by WAC.

19. A true and complete copy of the WAC Balance Sheet listing the Assets, Liabilities and Equity of WAC for the period August 31, 2016 through and including August 31, 2017, is attached hereto as **Exhibit K**.

20. A true and complete copy of the WAC Profit and Loss statement for the period August 2016 through and including August 2017 is attached hereto as **Exhibit L**.

21. A true and complete copy of the WAC General Ledger for the period January 1 2016, through and including December 31, 2017, is attached hereto as **Exhibit M**.

22. The Exhibits described herein are attached hereto and BATES stamped as 0001 through 0207.

Nothing in this stipulation shall constitute an agreement or concession that any statement in this stipulation is relevant for the purposes of summary judgment or otherwise, and the stipulations set for herein shall be without prejudice to either party arguing that a stipulation is irrelevant.

27571/1/9286552v1

W. STEPHEN SCOTT, TRUSTEE FOR
MICHAEL W. DECKER

By: /s/ William E. Callahan, Jr.
Counsel

William E. Callahan, Jr., Esq. (Va. Bar No. 37432)
GENTRY LOCKE RAKES & MOORE, LLP
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone: (540) 983-9309
Facsimile: (540) 983-9400
Email: callahan@gentrylocke.com

Counsel for the Trustee

MICHAEL W. DECKER

By: /s/ James P. Campbell (with email authorization)
Counsel

James P. Campbell, Esq. (Va. Bar No. 25097)
Matthew L. Clark, Esq. (Va. Bar No. 84881)
CAMPBELL FLANNERY, P.C.
1602 Village Market Blvd., Suite 225
Leesburg, VA 20175
Telephone: (703) 771-8344
Facsimile: (703) 777-1485
Email: jcampbell@campbellflannery.com
  mclark@campbellflannery.com

Counsel for Michael W. Decker

5