

Erie Insurance Exchange

**Erie Insurance Exchange**
Member • Erie Insurance Group
100 Erie Ins. Pl. • Erie, PA 16530

## Ultrapack Plus Policy Declarations
### Renewal Certificate

**Mailing Name and Address for Insured:**
WINCHESTER ACCOUNTING &
CONSULTING INC
207 N CAMERON ST
WINCHESTER VA 22601-4803

**Other Interest:**

DD2387

**Named Insured's Full Name:**
Winchester Accounting & Consulting Inc

**Agent:**
DD2848    THE WINCHESTER GROUP INC

**Policy Period:**
02/01/2017 to 02/01/2018

**Policy Number:**
Q970905136

**Agent Address and Phone**
THE WINCHESTER GROUP INC
24 W PICCADILLY ST
WINCHESTER VA 22601-4820
540-662-1828

Policy begins at 12:01 A.M. standard time on the effective date and ends at 12:01 A.M. standard time on the expiration date. Standard time is determined at the stated address of the named insured.

The insurance applies to those premises described below. This is subject to all applicable terms of the policy and attached forms and endorsements.

### Premium Summary
Pay Plan Discount Applies
**Total Annual Policy Premium:** $472.00
(This is not a bill. Your invoice will follow in a separate mailing.)

**Property Protection - As Per Attached Supplemental Declarations**
**Deductible (Property Protection Only) $500**

### Policy-Level Coverages

| Liability Protection | Limits of Insurance |
|---|---|
| Commercial General Liability Limits of Insurance | |
| Each Occurrence Limit | $1,000,000 |
|    Damage to Premises Rented to You | $1,000,000 Any One Premises |
|    Medical Expense limit | $5,000 Any One Person |
| Personal & Advertising Injury Limit | $1,000,000 Any One Person or Organization |
| General Aggregate Limit | $2,000,000 |
| Products/Completed Operations Aggregate Limit | $2,000,000 |

Processed On: 11/18/2016 (See Reverse Side)

Exhibit H

0064

| Insured Name: | Winchester Accounting & Consulting Inc | |
|---|---|---|
| Policy Number: | Q970905136 | |
| Policy Period: | 02/01/2017 to 02/01/2018 | Page 2 of 4 |

| Optional Coverages | Deductible | Amount of Insurance |
|---|---|---|

Policy-Level Optional Coverages:

Property and Inland Marine - Optional Coverages:
Terrorism                                                                                        Included

Other Optional Coverages:
Enhancement Endorsement-Offices

Processed On: 11/18/2016             CONTINUED ON NEXT PAGE

0065

| Insured Name: | Winchester Accounting & Consulting Inc | |
|---|---|---|
| Policy Number: | Q970905136 | |
| Policy Period: | 02/01/2017 to 02/01/2018 | Page 3 of 4 |

## Supplemental Declarations

Location 1 / Building 1

**Address:**
207 N CAMERON ST
WINCHESTER VA  22601-4803
County:   Winchester (city)

**Occupancy/Operations:**
Accounting & Auditing Office

**Interest of Named Insured In Such Premises:**  Tenant/Partial

| Coverage | Deductible | Amount of Insurance |
|---|---|---|
| **Property Protection** | | |
| 1. Buildings | | NIL |
| 2. Business Personal Property and Personal Property of Others | Property Deductible | $5,100 |
|     Replacement Cost | | |
|     Theft Exclusion Applies:  No | | |
| 3. Income Protection & Extra Expense | | Actual Loss Sustained 12 Months |
| Protective Safeguard Condition: Local Burglar Alarm System | | |

Automatic Adjustment of  Business Personal Property and Personal Property of Others Coverage  – 1%

## Schedule of Static Forms

| Form Number | Edition Date | Description |
|---|---|---|
| UPP | 01/10 | ULTRAPACK PLUS  POLICY |
| PK0001 | 02/17 * | ULTRAPACK PLUS COMMERCIAL PROPERTY COVERAGE PART |
| PKAX | 01/10 | PRODUCTION OR PROCESS MACHINERY - DEDUCTIBLE |
| PKJG | 07/16 * | OFFICES ENHANCEMENTS ENDORSEMENT |
| CL0205 | 11/10 * | IMPORTANT INFORMATION FOR VIRGINIA POLICYHOLDERS |
| CL0207 | 11/10 * | VIRGINIA NOTICE-ADDITIONAL COVERAGE AVALABLE |
| CL0209 | 11/10 | IMPORTANT NOTICE - LEAD LIABILITY EXCLUSION |
| CL0212 | 11/10 * | IMPORTANT NOTICE - POLICY SERVICE FEES |
| CL0219 | 11/10 * | VIRGINIA IMPORTANT NOTICE - NO FLOOD COVERAGE |
| PKRI | 05/15 | VIRGINIA AMENDATORY ENDORSEMENT |
| PKRJ | 01/10 | VIRGINIA AMENDMENT OF POLICY - TWO OR MORE COVERAGE PARTS OR POLICIES WITH US |
| CL0385 | 01/13 * | IMPORTANT NOTICE - EARTHQUAKE EXCLUSION |
| PKRT | 10/13 * | VIRGINIA AMENDATORY ENDORSEMENT - FIRE DEPARTMENT SERVICE CHARGES |
| CL0459 | 07/16 * | IMPORTANT NOTICE TO POLICYHOLDERS - ULTRAPACK PLUS PROGRAM |
| PK0003 | 07/16 * | ULTRAPACK PLUS EXTRA LIABILITY COVERAGES |
| CG0001 | 04/13 | COMMERCIAL GENERAL LIABILITY COVERAGE FORM |
| CG0179 | 07/10 | VIRGINIA CHANGES |
| CG2147 | 12/07 | EMPLOYMENT-RELATED PRACTICES EXCLUSION |
| CG2167 | 12/04 | FUNGI OR BACTERIA EXCLUSION |
| UFB213 | 11/12 * | SUBSCRIBER'S AGREEMENT |
| CG2170 | 01/15 | CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM |
| CG2196 | 03/05 | SILICA OR SILICA-RELATED DUST EXCLUSION |
| PKGN | 12/14 | PUNITIVE DAMAGES COVERAGE |
| CL0396 | 10/15 | IMPORTANT NOTICE - DATA BREACH RESPONSE EXPENSES COVERAGE |

Processed On: 11/18/2016  (See Reverse Side)

0066

| Insured Name: | Winchester Accounting & Consulting Inc | |
|---|---|---|
| Policy Number: | Q970905136 | |
| Policy Period: | 02/01/2017 to 02/01/2018 | Page 4 of 4 |

## Schedule of Static Forms - *(continued)*

| Form Number | Edition Date | Description |
|---|---|---|
| CG2106 | 05/14 | EXCL-ACCESS OR DISCLOSURE OF CONFIDENT OR PERS INFO AND DATA-RELATED LIAB - WITH LIMIT BOD INJ EXCEP |
| CG2109 | 06/15 | EXCLUSION - UNMANNED AIRCRAFT |
| IL0017 | 11/98 | COMMON POLICY CONDITIONS |
| IL0021 | 09/08 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (BROAD FORM) |
| IL0138 | 10/15 * | VIRGINIA CHANGES - CANCELLATION AND NONRENEWAL |
| IL0952 | 01/15 | CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM |
| IL985F | 01/15 * | DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT |
| PKMJ | 01/10 | EXCLUSION - LEAD LIABILITY |
| PKMD | 01/10 | EXCLUSION - ASBESTOS |
| PKMQ | 12/14 | EXCLUSION - PROFESSIONAL LIABILITY |

Processed On: 11/18/2016

0067



## CAMICO MUTUAL INSURANCE COMPANY
## DECLARATIONS
## ACCOUNTANTS PROFESSIONAL LIABILITY INSURANCE POLICY

Policy Number: VAL112765-00

| | | |
|---|---|---|
| Effective Date: | 02/01/2017 | at 12:01 A.M. Standard time at the address shown below |
| Expiration Date: | 02/01/2018 | at 12:01 A.M. Standard time at the address shown below |
| Retroactive Date: | 02/01/2015 | |

Item 1 - Named Insured: WINCHESTER ACCOUNTING AND CONSULTING, INC.

Item 2 - Business Address: 207 N. Cameron Street

Winchester, VA 22601

Item 3 - Limits of Liability:  $500,000   Per Claim
$500,000   Policy Aggregate

Item 4 - Deductibles:  $5,000   Per Claim Deductible

Item 5 - Total Premium:  $1,324

Item 6 - The policy consists of this Declarations page, and the following policy forms and endorsements:

| | | |
|---|---|---|
| PL-1000-A | 07/14 | Accountants Professional Liability Insurance Policy |
| PL-2028-A (VA) | 07/14 | State Endorsement - Virginia |
| PL-1015-A | 06/16 | Separate Defense Limit |
| PL-1049-A | 07/2014 | Privacy and Client Network Damage Endorsement |
| PL-1052-A | 07/14 | 100K Cyber CPA Endorsement |
| PL-1056-A | 06/16 | Multiple Claims and Related Acts, Errors and Omissions Amendment |

**PLEASE READ THESE DECLARATIONS, THE POLICY AND ENDORSEMENTS CAREFULLY.**

CAMICO Mutual Insurance Company

_____
Authorized Representative

PL-1001-A    (rev. 06/13)

**0068**



## CAMICO MUTUAL INSURANCE COMPANY

### STATE ENDORSEMENT – VIRGINIA

Effective Date: 02/01/2017            Policy Number: VAL112765-00

**THIS ENDORSEMENT MODIFIES THE INSURANCE PROVIDED UNDER THE CAMICO MUTUAL INSURANCE COMPANY ACCOUNTANTS PROFESSIONAL LIABILITY INSURANCE POLICY. PLEASE READ CAREFULLY.**

A. Section VI. *EXTENDED REPORTING COVERAGE*, stated in the PL-1000-A form issued with this Policy, is deleted is replaced by the following:

### VI. *EXTENDED REPORTING COVERAGE*

     A. **Right to Purchase *Extended Reporting Coverage***

The *Named Insured* shall be entitled to purchase *Extended Reporting Coverage*, as described below, because of any of the following events:

1. The *Named Insured* cancels or non-renews this policy;

2. The Company cancels or non-renews this policy for any reason other than non-payment of premium, failure to comply with the terms and conditions of the policy, or fraud;

3. Advancement of the *Retroactive Date* of the policy;

4. Renewal of the policy on other than a claims-made basis;

5. The Company excludes any existing coverage (not including a change in the Limits of Liability or Deductible(s)) and the *Named Insured's* policy remains in effect or is renewed, in which case the Company will offer *Extended Reporting Coverage* to the *Named Insured* only for the excluded coverage;

6. The *Named Insured* who is a sole proprietor becomes *Retired* or *Permanently Disabled*, or a two-professional firm's business is *Discontinued* because one of the professionals becomes *Retired* or *Permanently Disabled*; or

7. The *Named Insured* who is a sole proprietor dies, or a two-professional firm's business is *Discontinued* because one of the professionals dies.

The Company will determine the premium for *Extended Reporting Coverage* upon receipt of the *Named Insured's* request.

If requested by the *Insured*, the Limits of Liability for the *Extended Reporting Coverage* are separate from the Limits of Liability of the last policy in effect. In no event will the Limits of Liability for the *Extended Reporting Coverage* exceed the Limits of Liability of the last policy in effect.

PL-2028-A (VA)            (rev. 07/14)

0069



## CAMICO MUTUAL INSURANCE COMPANY

### SEPARATE DEFENSE LIMIT

*Named Insured*: WINCHESTER ACCOUNTING AND CONSULTING, INC.

Effective Date: 02/01/2017

Policy Number: VAL112765-00

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE CAMICO MUTUAL INSURANCE COMPANY ACCOUNTANTS PROFESSIONAL LIABILITY INSURANCE POLICY. PLEASE READ CAREFULLY.**

In consideration of the *Named Insured's* payment of additional premium, it is agreed that Item 3 of the Declarations is amended by adding the following:

|  | Per *Claim* | Policy Aggregate |
|---|---|---|
| Separate Defense Limit: | $500,000 | $500,000 |

1. The Separate Defense Limit is an additional limit available exclusively for the payment of *Claim Expenses* and will be exhausted prior to applying the applicable Limits of Liability to the payment of *Claim Expenses*.

2. The maximum amount payable by the Company for *Claim Expenses* for each covered *Claim* subject to this Separate Defense Limit endorsement is the Separate Defense Limit Per *Claim* limit stated above or in the Declarations.

3. The maximum amount payable by the Company for *Claim Expenses* for all covered *Claim* subject to this Separate Defense Limit endorsement is the Separate Defense Limit Policy Aggregate stated above or in the Declarations.

4. The Separate Defense Limit coverage shall not be available for the payment of *Claim Expenses* incurred with respect to any *Claim* for which coverage is subject to a sublimit under II.B. Sublimits.

5. The Separate Defense Limit is not available for the payment of *Damages*.

All other terms, conditions and exclusions of the policy remain unchanged.

_____
Authorized Representative

PL-1015-A (rev. 06/16)

0070



## CAMICO MUTUAL INSURANCE COMPANY

### PRIVACY AND CLIENT NETWORK DAMAGE LIABILITY COVERAGE ENDORSEMENT

*Named Insured*: WINCHESTER ACCOUNTING AND CONSULTING, INC.
Policy Number: VAL112765-00

Effective Date: 02/01/2017

**THIS ENDORSEMENT MODIFIES THE INSURANCE PROVIDED UNDER THE CAMICO MUTUAL INSURANCE COMPANY ACCOUNTANTS PROFESSIONAL LIABILITY INSURANCE POLICY. PLEASE READ CAREFULLY.**

It is hereby agreed that:

1. Section V. DEFINITIONS, C. *Claim* is amended to include the following:

   *Claim* also means a:

   a. *Privacy Claim*; and
   b. *Client Network Damage Claim*.

2. Section V. DEFINITIONS, F. *Damages* is amended to include the following:

   *Damages* also does not include fees and expenses incurred:

   a. to avert or mitigate any material damage to the *Insured's* reputation, which resulted or reasonably would have resulted from an adverse publication through any media channel;
   b. to comply with governmental privacy legislation mandating notification to affected individuals in the event of a security breach or privacy breach including, but not limited to legal expenses, computer forensic and investigation fees, public relations expenses, postage expenses, and related advertising expenses; and
   c. for the provision of support activity to affected individuals in the event of a privacy breach, including the provision of credit file monitoring services and identity theft education and assistance.

3. Section V. DEFINITIONS is amended to include:

   *Client Network Damage Claim* means a demand for money or services received by an *Insured*, including service of suit or institution of arbitration proceedings, alleging *Network Damage* to an *Insured's* client's computer network in the rendering of an *Insured's* rendering of *Professional Services*.

   *Network Damage* means:

   (1) the unscheduled or unplanned inability of an authorized user to gain access to a network; or

   (2) the suspension or interruption of the operation of any network; or
   (3) the unauthorized access to, destruction of, addition to, deletion of, or alteration to information maintained on the network of an *Insured's* client.

   *Privacy Breach Notice Law* means any statute or regulation that requires an entity who is the custodian of non-public personal information to provide notice to such individuals of any actual or potential privacy breach with respect to such non-public personal information. *Privacy Breach Notice Laws* include Sections 1798.29 and 1798.82 - 1798.84 of the California Civil Code (formerly S.B. 1386) and other similar laws in any jurisdiction.

PL-1049-A (07/14)

**0071**

*Privacy Claim* means a demand for money or services received by an *Insured*, including service of suit or institution of arbitration proceedings, alleging *Privacy Injury* arising out of an *Insured's* rendering of *Professional Services*.

*Privacy Injury* means:
(1) any unauthorized disclosure of, inability to access, or inaccuracy with respect to, non-public personal information in violation of:
   (a) an *Insured's* privacy policy; or
   (b) any federal, state, foreign or other law, statute or regulation governing the confidentiality, integrity or accessibility of non-public personal information, including but not limited to, the Health Insurance Portability and Accountability Act of 1996, Gramm-Leach-Bliley Act, Children's Online Privacy Protection Act, or the EU Data Protection Act.
(2) an *Insured's* failure to prevent unauthorized access to confidential information provided to the *Insured* by another, or created by an *Insured* for another, where such information is subject to the terms of a confidentiality agreement or equivalent obligating the *Insured* to protect such information on behalf of another.

4. Section II. LIMIT OF LIABILITY, D. Supplementary Payments is amended to include the following:

   6. **Privacy Breach Notice Law or Privacy Injury Regulatory Proceedings**

   The Company at its expense will provide counsel to the *Insured* to assist in responding to or defending regulatory proceedings concerning actual or alleged violation of a *Privacy Breach Notice Law* or any law referenced under the definition of *Privacy Injury* that occurred in the rendering of *Professional Services*, provided that such regulatory proceedings are first commenced during the *Policy Period* and are reported to the Company during the *Policy Period*. The maximum amount payable by the Company pursuant to this paragraph for all attorney fees and costs incurred is $12,500 per *Policy Period* regardless of the number of regulatory proceedings to which this paragraph applies. The Company will not indemnify for any monetary assessment or penalty levied against any *Insured* as a result of any regulatory proceedings. The *Insured's* reporting of a regulatory proceeding under this provision shall not be deemed to constitute the reporting of a *Claim* or *Potential Claim*.

All other terms, conditions and exclusions of the policy remain unchanged.

_____
Authorized Representative

PL-1049-A                                                                                                          (07/14)

0072



## CAMICO MUTUAL INSURANCE COMPANY

### CyberCPA Endorsement (Limits of $100,000)

*Named Insured:* WINCHESTER ACCOUNTING AND CONSULTING, INC.   Effective Date: 02/01/2017

Policy Number:   VAL112765-00

**THIS ENDORSEMENT MODIFIES THE INSURANCE PROVIDED UNDER THE CAMICO MUTUAL INSURANCE COMPANY ACCOUNTANTS PROFESSIONAL LIABILITY INSURANCE POLICY. PLEASE READ CAREFULLY.**

This Endorsement forms a part of the policy to which it is attached, effective on the inception date of that policy unless otherwise stated herein.

This Endorsement amends your policy to include Cyber Insurance. The coverage limits applicable to this Endorsement are specified in Section III - Coverage Limits. Such limits are in addition to, and will not erode, the limits provided elsewhere in your policy.

Throughout this Endorsement, the words "we," "us," and "our" refer to CAMICO Mutual Insurance Company ("the Company"). The words "you" and "your" refer to the *Named Insured*. Other words and phrases that appear in *italics* have special meaning. Refer to Section IV - Definitions.

### SECTION I - INSURING AGREEMENTS

Subject to all terms, conditions, definitions, exclusions and other provisions of this Endorsement, the Company agrees as follows:

#### A. PRIVACY BREACH RESPONSE COSTS, NOTIFICATION EXPENSES, AND BREACH SUPPORT AND CREDIT MONITORING EXPENSES COVERAGE

Subject to the coverage limits specified in Section III of this Endorsement, the Company will pay reasonable and necessary *Privacy Breach Response Costs*, *Notification Expenses*, and/or *Breach Support and Credit Monitoring Expenses* which you incur during the *Policy Period* as a direct result of an *Adverse Media Report*, *Security Breach* or *Privacy Breach*, provided that:

1. The *Adverse Media Report*, *Security Breach* or *Privacy Breach* occurs or first commences during the *Policy Period*; and
2. The *Adverse Media Report*, *Security Breach* or *Privacy Breach* is reported in writing to us no later than 60 days from the date any *Insured* first discovers the *Adverse Media Report*, *Security Breach* or *Privacy Breach*.

#### B. NETWORK ASSET PROTECTION COVERAGE

1. Loss of Digital Assets

   Subject to the coverage limits specified in Section III of this Endorsement, the Company will pay reasonable and necessary *Digital Assets Loss* and/or *Special Expenses* which you incur during the *Policy Period* because of a *Covered Cause of Loss* that directly causes damage, alteration, corruption, distortion, theft, misuse, or destruction of *Digital Assets*, provided that:

   a. Such damage, alteration, corruption, distortion, theft, misuse, or destruction of *Digital Assets* is directly caused by a *Covered Cause of Loss* that occurs or first commences during the *Policy Period*;
   b. You provide clear evidence that the *Digital Assets Loss* and/or *Special Expenses* directly resulted from a *Covered Cause of Loss*; and

PL-1052-A                                                                                                                          (07/14)

0073



## CAMICO MUTUAL INSURANCE COMPANY

### MULTIPLE *CLAIMS* AND *RELATED ACTS, ERROR OR OMISSIONS* AMENDMENT

*Named Insured*: WINCHESTER ACCOUNTING AND CONSULTING, INC.

Effective Date: 02/01/2017

Policy Number: VAL112765-00

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE CAMICO MUTUAL INSURANCE COMPANY ACCOUNTANTS PROFESSIONAL LIABILITY INSURANCE POLICY. PLEASE READ CAREFULLY.**

Section II. LIMIT OF LIABILITY, A. Per *Claim* and Aggregate Limit of Liability, paragraph 3. Multiple *Claims* and *Related Acts, Errors or Omissions* is deleted and replaced by the following:

3. **Multiple *Claims* and *Related Acts, Errors or Omissions***: Two or more covered *Claims* arising out of or resulting from a single act, error or omission or a series of *Related Acts, Errors or Omissions* are deemed to be a single *Claim* made as of the date of the earliest of such *Claims* and are subject to a single Per *Claim* Limit of Liability and a single deductible. These provisions apply whether such *Claims* are made: (a) against one or more *Insureds*, (b) by one or more claimants, or (c) during one or more *Policy Periods*.

All other terms, conditions and exclusions of the policy remain unchanged.

_____
Authorized Representative

PL-1056-A (rev. 06/16)

0074



## CAMICO MUTUAL INSURANCE COMPANY
## DECLARATIONS
## EMPLOYMENT PRACTICES LIABILITY INSURANCE POLICY

Policy Number: VAE112777-00

| | | |
|---|---|---|
| Effective Date: | 02/01/2017 | at 12:01 A.M. Standard time at the address shown below |
| Expiration Date: | 02/01/2018 | at 12:01 A.M. Standard time at the address shown below |
| *Retroactive Date*: | 02/01/2017 | |

Item 1 - *Named Insured*: WINCHESTER ACCOUNTING AND CONSULTING, INC.

Item 2 - Business Address: 207 N. Cameron Street

Winchester, VA 22601

Item 3 - Limit of Liability:   $100,000   Per *Claim*
                               $100,000   Policy Aggregate

Item 4 - Deductible:           $5,000     Per *Claim* Deductible

Item 5 - Total Premium:        $40

Item 6 - The policy consists of this Declarations page, and the following policy forms and endorsements:

| | | |
|---|---|---|
| EP-1000-A | 04/07 | Employment Practices Liability Insurance Policy |
| EP-2028-A (VA) | 03/11 | State Endorsement - Virginia |

**PLEASE READ THESE DECLARATIONS, THE POLICY AND ENDORSEMENTS CAREFULLY.**

CAMICO Mutual Insurance Company

_____
Authorized Representative

EP-1001-A

(rev. 06/13)

0075



## STATE ENDORSEMENT – VIRGINIA

Effective Date: 02/01/2017            Policy Number: VAE112777-00

**THIS ENDORSEMENT MODIFIES THE INSURANCE PROVIDED UNDER THE
CAMICO MUTUAL INSURANCE COMPANY EMPLOYMENT PRACTICES LIABILITY INSURANCE
POLICY. PLEASE READ CAREFULLY.**

A. It is agreed that paragraph 1. (a) of section I. INSURING AGREEMENTS, A. Coverage for *Damages* and Reporting Requirements in form EP-1000-A, is deleted and replaced by the following:

     (a) the *Claim* was first made against any *Insured* during the *Policy Period* or any applicable *Extended Reporting Period*, and reported to the Company either (i) during the *Policy Period*, or (ii) during the applicable *Extended Reporting Period*; and

B. It is agreed that the following is added to the end of section V. *EXTENDED REPORTING PERIODS*, paragraph C:

     The Limit of Liability applicable to a *Claim* reported during the Basic *Extended Reporting Period* is the remaining applicable Limit of Liability for the *Policy Period* in effect immediately preceding the beginning of the Basic *Extended Reporting Period*.

C. It is hereby agreed that section V. *EXTENDED REPORTING PERIODS*, paragraph D., is deleted and replaced by the following:

     D. A Supplemental *Extended Reporting Period* of twelve (12), twenty-four (24) or thirty-six (36) months duration is available for purchase by the *Named Insured*, but only by endorsement. The Company has no obligation to offer a Supplemental *Extended Reporting Period* if cancellation or nonrenewal is due to (1) the *Named Insured*'s non-payment of premium; (2) any *Insured's* failure to comply with the terms or conditions of this Policy; and/or (3) fraud.

     The Supplemental *Extended Reporting Period* starts when the Basic *Extended Reporting Period* ends. The *Named Insured* must give the Company a written request for the Supplemental *Extended Reporting Period* endorsement, and its length, within thirty (30) days after the end of the *Policy Period*. The Supplemental *Extended Reporting Period* will not go into effect unless the *Named Insured* pays the additional premium when due. The Company will determine the additional premium in accordance with its rules and rates, and may take into account the following:

        1. The exposures to be insured;
        2. Previous types and amounts of insurance; and
        3. Other related factors.

     The additional premium for the Supplemental *Extended Reporting Period* coverage will not exceed two hundred percent (200%) of the annual premium for this Policy.

     The remaining Limits of Liability, as described in section I. INSURING AGREEMENTS, C. Limits of Liability and Deductible of this Policy, and stated on the Declarations for the last Policy issued by the Company, are reinstated and apply to the Supplemental *Extended Reporting Period*. Lower limits of liability for the Supplemental *Extended Reporting Period* may be offered upon request by the *Named Insured*.

EP-2028-A (VA)            Page 1 of 3            (rev. 03/11)

**0076**

        If any existing coverage is later excluded from the policy and the policy remains in effect or is renewed by the Company, the *Named Insured* shall be allowed to purchase Supplemental *Extended Reporting Period* coverage for such coverage, upon providing the Company with a written request within thirty (30) days after of the termination of such coverage. The exclusion of existing coverage shall not include changes in policy limits or deductibles.

        Insurance provided under any Supplemental *Extended Reporting Period* Endorsement is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, whose policy period begins or continues after the Supplemental *Extended Reporting Period* begins.

D. It is agreed that section VI. POLICY CONDITIONS, A. Duties in the Event of a *Potential Claim* or *Claim*, subparagraph 2.(b)(1) is modified to read as follows:

    (1)    During the *Policy Period*; or

E. The following is added to VI. POLICY CONDITIONS, F. Cancellation or Non-Renewal:

1. **Cancellation or Non-Renewal**

   This Policy may be cancelled or non-renewed for any reason consistent with Virginia law, as is now in effect or hereafter amended.

   If the Company elects to cancel or to not renew this Policy, the Company will deliver or mail a written notice of cancellation or non-renewal to the *Named Insured* at the address shown on the Policy. The notice will state the Company's specific reason(s) for and the effective date of the cancellation or non-renewal. The *Named Insured* has the right to request in writing, within 15 days of receipt of the notice, that the Commissioner of Insurance review the Company's action. Upon request, the Company will provide the *Named Insured* with a statement of the basis and rates upon which the final premium is to be determined and paid.

   The cancellation or non-renewal notice will be delivered or mailed at least: (i) 15 days before the effective date if the Company's decision is based upon nonpayment of premium; or (ii) 45 days before the effective date if for any other reason. The notice is deemed effective if sent by registered or certified mail, or confirmed by written receipt from the U.S. Postal Service.

   If the Company cancels this Policy, the Company will compute the return premium pro rata. If this Policy is cancelled at the request of the *Named Insured*, the Company will return 90 percent of the pro rata unearned premium. Upon request from the *Named Insured*, the Company will provide the *Named Insured* with a statement of the basis and rates upon which the final premium is determined and paid.

2. **Changes in Premium or Policy Coverage**

   If the Company renews this Policy on less favorable terms or at a premium increase of more than 25%, the Company will deliver or mail written notice to the *Named Insured* at the address shown on the Policy, not less than 45 days before the effective date, an explanation of the renewal terms, the reasons for the change and the manner in which coverage under the existing Policy will be reduced or the amount of the premium increase. The *Named Insured* has the right to request in writing, within 15 days of receipt of the notice, that the Commissioner of Insurance review the Company's action. The notice is deemed effective if sent by registered or certified mail, or confirmed by written receipt from the U.S. Postal Service.

If the Company fails to provide notice in the required manner, coverage will remain in effect until 45 days after written notice of reduction in coverage or premium increase is mailed or delivered to the *Named Insured* at the address shown on the Policy, unless the *Named Insured* obtains replacement coverage or elects to cancel before the 45-day period expires. In such case, coverage under the prior Policy will terminate on the effective date of the replacement coverage or elected date of cancellation.

If the *Named Insured* rejects or fails to accept the changed Policy, coverage for any period that extends beyond the expiration date will be under the prior Policy's terms and conditions. If the *Named Insured* accepts the changed Policy, the reduction in coverage or premium increase will take effect upon the expiration of the prior Policy.

Notice of reduction in coverage or premium increase is not required if the Company fails to receive sufficient information from the *Named Insured* to provide the required notice within 45 days of the Company's written request to the *Named Insured*, or if such notice is waived in writing by the *Named Insured*.

F. The following is added to VI. POLICY CONDITIONS:

**Notice to the Company**

Whenever written notice is required from an Insured by the Company, such written notice shall be given to:

> CAMICO Mutual Insurance Company
> Claims Department
> 1800 Gateway Drive, Suite 300
> San Mateo, CA 94404

*[signature]*
_____
Authorized Representative

EP-2028-A (VA)                    Page 3 of 3                    (rev. 03/11)

0078