

**SIGNED THIS 23rd day of October, 2020**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**MICHAEL WHITMAN DECKER,**                   Chapter 7
    Debtor.                                Case No. 17-50297

**W. STEPHEN SCOTT, Chapter 7 Trustee,**
    Plaintiff,
v.                                            Adv. P. No. 19-05006
**MICHAEL WHITMAN DECKER,**
**WINCHESTER ACCOUNTING, LLC,**
    Defendants.

## ORDER DENYING MOTION TO STAY

On October 14, 2020, the defendants, Michael Whitman Decker and Winchester Accounting, LLC, filed a motion requesting "this Court to stay this proceeding." *See* Mot., ECF Doc. No. 59. The defendants cite Federal Rule of Civil Procedure 62 and Federal Rule of Bankruptcy Procedure 7062 as the basis for their motion. *Id.* at 1. The defendants assert that "a stay of these proceedings is necessary during the pendency of the appellate proceedings." *Id.* ¶ 4. According to the defendants, this necessity stems from the fact that the defendants have filed a notice of appeal of an order of this Court and the District Court will be unable to rule on the appeal prior to October 31, 2020, which is the effective date of the judgment. *Id.* ¶¶ 3–4.

The next day, on October 15, 2020, W. Stephen Scott (the "Trustee"), by counsel, filed an objection to the motion to stay. *See* Obj., ECF Doc. No. 61. He combined his objection with a motion to require the defendants to tender a cash bond. The Trustee asks this Court to deny the motion to stay. *See id.* ¶ 4. In the alternative, if the Court grants the motion to stay, the Trustee asks the Court to order the defendants to provide a bond or other security as required by Rule 62(b). *Id.* ¶ 5.

In general, a court "examine[s] four factors to determine if a stay [pending appeal] is appropriate: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Allen v. Fitzgerald*, 590 B.R. 352, 356 (W.D. Va. 2018) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Va. Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. Accordingly, a court must exercise its discretion based on the particular circumstances of each case as presented by the movant.

In the defendants' motion to stay, the defendants have not addressed any of the four factors this Court must consider in determining whether to grant a stay. As such, the defendants have not carried their burden of showing that the circumstances of this case justify a stay. Based on the motion, the Court is not persuaded that the defendants have shown that (1) they are likely to succeed on the merits, (2) the defendants will be irreparably harmed, (3) the stay will not

substantially harm the Trustee,[1] and (4) the stay is in the public interest. Considering these four factors, and because the defendants have failed to meet their burden of persuasion, the Court denies the motion.

The defendants move for a stay pursuant to Federal Rule of Civil Procedure 62 ("Stay of Proceedings to Enforce a Judgment"), which is incorporated into this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7062. The motion is silent as to which proceedings the defendants wish this Court to stay, except that the motion references the terms of the Court's order. The proceedings to be stayed appear to be those to collect on the judgment against Mr. Decker which will be effective October 31, 2020. The defendants do not cite a specific subsection of Rule 62 under which they request a stay, but plead that "the rights and interests of the Trustee are secured as interest will continue to accrue at the statutory rate, and no further bond should be required." ECF Doc. No. ¶ 4. And so, the Court will review the motion as made pursuant to Rule 62(b).

Rule 62(b) provides that "a party may obtain a stay by providing a bond or other security." Rule 62(b) further provides that "[t]he stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The current language of Rule 62 has been in effect less than two years. On December 1, 2018, amendments revised and reorganized Rule 62. While the former version only referenced a "supersedeas bond" as a basis to obtain a stay of proceedings, the amended language references "bond or other security." The amendments, however, "carrie[d] forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018

---

[1] In his objection to the motion, the Trustee makes a persuasive showing that the Trustee may be substantially harmed if the stay is granted. *See* Obj. ¶ 5, ECF Doc. No. 61.

amendments.

When determining whether to grant motions under Rule 62(b), "the primary duty of the court here is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *D.B. v. Bedford Cty. Sch. Bd.*, Civ. A. No. 9:09-CV-00013, 2010 WL 3323489, at *9 (W.D. Va. Aug. 23, 2010) (quoting *Alexander v. Chesapeake, Potomac, Tidewater Books*, 190 F.R.D. 190, 193 (E.D. Va. 1999)) (internal quotation marks omitted). "The amount of the bond normally is set for the full judgment and any other costs that may arise from delay in payment." *Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, Civ. A. No. 6:12-CV-00023, 2015 WL 1417058, at *8 (W.D. Va. Mar. 27, 2015).

The use of the disjunctive in "bond or other security" in Rule 62(b) logically demonstrates that the "other security" must have the comparable effect of a bond; otherwise it could hardly be an adequate alternative to the provision of a bond. Rule 62(b) allows a court to ascertain whether other security adequately and appropriately substitutes for a bond. This means the Court must determine whether a traditional bond, or some other form of security, is sufficient to preserve the status quo pending appeal.

In this case, the defendants have not provided a bond. The defendants simply suggest a perfunctory offering as "other security." Specifically, the defendants posit that the accrual of interest at the statutory rate on the judgment amount suffices to protect the rights and interests of the Trustee.

Postjudgment interest is not an adequate alternative to a bond. "The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the

4

defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990). While the postjudgment interest provides the plaintiff some compensation for the defendants' delay, it does not provide any security for the judgment, let alone security for the judgment plus interest.

Because the defendants have failed to persuade this Court to exercise its discretion in granting a stay under the four factor analysis described above, and because no bond or other adequate security has been provided for the Court to approve under Rule 62(b), the Court denies the motion.

Accordingly, it is

### O R D E R E D

That the motion to stay, ECF Doc. No. 59, is **DENIED**.

Copies of this Order are directed to be sent to counsel for the parties.

### End of Order